GEORGE W. HEWES *vs.* WILLIS HANSCOM.

An agreement between the maker and the payee of a promissory note, that it shall be deemed to be paid by being allowed in discharge of a mortgage from the payee to a third person, cannot have that effect without the assent of that person.

ACTION OF TORT for malicious prosecution and false imprisonment. At the trial in the superior court of Suffolk at September term 1856, before *Nelson*, C. J., it appeared that the prosecution complained of was an action upon a promissory note of the plaintiff's for $42, payable to Charles Curry; and the plaintiff offered evidence to prove the following facts, many of which were controverted by the defendant.

The plaintiff, while in California, sent home the sum of $160 to his mother, to be lent by her to his brother Elijah Hewes, which she did, and he gave her back a note and mortgage on his blacksmith shop and tools, which she has ever since had, and has tried to collect. Subsequently Elijah Hewes formed a copartnership with the defendant under the name of Hewes & Hanscom, and then the defendant undertook to pay this note and mortgage given by Elijah Hewes to his mother. The plaintiff's note was offered to Hewes & Hanscom in payment for work, and they corresponded with the plaintiff about it; he at first denied his liability upon it, but finally consented that they should take it and apply it on the mortgage to his mother; his mother afterwards applied to Elijah Hewes for a pay ment on the mortgage in the defendant's presence, and he

referred her to the defendant, who promised to pay her. The partnership of Hewes & Hanscom was afterwards dissolved, and by arrangements between them Elijah Hewes released the defendant from his promise to pay the mortgage, and the plaintiff's note became the defendant's property.

" The plaintiff asked the court to instruct the jury, that if they were satisfied that there was between the parties a question as to the validity of the note against this plaintiff, and the defendant took the note after negotiations with the plaintiff, under an agreement to apply it on the mortgage, and the defendant took the note up, paying for it in work, to apply as cash on the mortgage, and the plaintiff agreed to its being taken up only for that object, and Elijah Hewes transferred his half interest to the defendant for the purpose and with the understanding of having it so applied, the defendant had no cause of action on the note, till he had offered so to apply it, and had been refused; and no release by Elijah Hewes afterwards would avail against this plaintiff, unless assented to by him. This instruction, in these terms, was refused.

" The court instructed the jury in regard to the legal nature of the action for malicious arrest and prosecution, and the burden of proof in such action, and submitted to the jury the whole question of fact; also that, on one part of the case, if the plaintiff had furnished the $160, and had voluntarily paid the mortgage to his mother, and she afterwards undertook to hold and control it, then there would afterwards be no legal privity, as regarded the mortgage, between the plaintiff and the defendant; and though it might have been agreed between them that the $42 Curry note should be paid by the mortgage, yet, under the circumstances, it would not be paid till an indorsement had been made on the mortgage note. On these instructions the jury returned a verdict for the defendant, and to the above instructions and refusals to instruct the plaintiff excepts."

*W. L. Burt*, for the plaintiff.

*S. C. Maine*, for the defendant.

THOMAS, J. It is not easy to understand from the bill of ex-

ceptions the precise aspect which the cause assumed at the trial, or the precise instructions given to the jury. A prayer for instructions by the plaintiff is stated in the bill, and it is said that " this instruction, in these terms, was refused." The bill proceeds to state that general instructions were given as to the nature of the action and the burden of proof; and that as to one part of the case the instructions were given which are particularly set forth in the bill.

The instructions so reported were, it seems to us, correct. Whether an executory agreement of the plaintiff and defendant, that the note should be deemed to be paid by being allowed in discharge *pro tanto* of a mortgage held by the plaintiff, could be regarded as in itself payment and a bar to a suit upon the note, it is not necessary to determine. But it is plain that such agreement could not be treated as payment, where the legal title to the mortgage was in a third person, and that third person assume to control the mortgage and to enforce its collection.

The bill of exceptions shows no error in the instructions of the court below, to justify this court in setting aside the verdict and granting a new trial. The plaintiff, seeking a new trial, must clearly establish such error. If he fails to do so, the verdict must stand. It may be possible that the bill of exceptions does not fully present the points of law the plaintiff wished to make; but on the other hand, looking at the general aspect of the case as developed in the bill, it is difficult to suppose that upon an original suit, presenting so many controversies of fact and difficulties of law, an action for malicious prosecution could be maintained. *Exceptions overruled.*